IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DARNELL K. REED,**

    Petitioner,

v.                                                       Civil Action No. **3:22CV08**

**HAROLD W. CLARKE,**

    Respondent.

## MEMORANDUM OPINION

Darnell K. Reed, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1) challenging his conviction in the Circuit Court for the County of Hanover, Virginia ("Circuit Court"). Respondent moves to dismiss on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Despite the provision of notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Reed did not respond. For the reasons that follow, the § 2254 Petition will be DENIED as barred by the statute of limitations.

### I. Procedural History

On February 23, 2018, Reed pled guilty to two counts of distribution of a Schedule I or II controlled substance, second or subsequent conviction. (ECF No. 7–1, at 1.)[1] By Conviction and Sentencing Order entered on March 8, 2018, Reed was sentenced to an active term of six years of incarceration. (*Id.* at 1–2, 4.) Reed filed no direct appeal.

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, spelling, and punctuation in the quotations to Reed's submissions.

Reed filed a Motion to Vacate Void Judgment in the Circuit Court on May 26, 2021, and the Circuit Court denied that motion on June 1, 2021. *Commonwealth v. Reed*, No. CR17000830–00 through –01, at 1 (Va. Cir. Ct. June 1, 2021) ("Cir. Ct. Rec. 129.")[2]

On August 5, 2021, Reed filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. (*See* ECF No. 7–2, at 1.) On October 14, 2021, the Supreme Court of Virginia dismissed the petition as untimely filed. (*Id.*) On November 24, 2021, the Supreme Court of Virginia denied Reed's petition for rehearing. (*Id.* at 2.)

On December 21, 2021, Reed filed his § 2254 Petition.[3] (ECF No. 1, at 14.) In his § 2254 Petition, Reed contends that he is entitled to relief upon the following grounds:

Claim One: "The petitioner was deprived of the 6th Amendment's[4] right to the effective assistance of counsel when my trial attorney neglected to conduct the requisite pre-trial investigation which resulted in his failure to identify, develop, or properly apprise me of certain affirmative defenses." (ECF No. 1–1, at 3.)

Claim Two: "The petitioner sustained a contravention of the 6th Amendment's right to the effective representation of counsel when my trial attorney's inadequate pre-trial investigation resulted in advice that was not within the accepted range of competence and undermined the voluntary, intelligent, and knowing nature of the tendered guilty plea." (*Id.*)

## II. Statute of Limitations

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ

---

[2] The Circuit Court added continuous pagination to its record. The Court hereinafter employs that pagination and identifies citations to the record as "Cir. Ct. Rec."

[3] This is the date that Reed placed his § 2254 Petition in the prison mail system. The Court deems the § 2254 Petition filed as of the date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[4] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

> 1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### A. Commencement and Running of the Statute of Limitations

Reed's conviction became final on Monday, April 9, 2018, when the time for filing an appeal expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); *see* Va. Sup. Ct. R. 5:9 (requiring notice of appeal to be filed within thirty days of final judgment); Fed. R. Civ. P. 6(a)(1)(C) (stating that where the last day of a deadline falls on a weekend or holiday, the period continues to run until the next day that is not a weekend or holiday). The one-year limitation period for filing his § 2254 Petition then expired on Tuesday, April 9, 2019.

3

### B. No Entitlement to Statutory Tolling

To qualify for statutory tolling, an action must be a (1) properly filed (2) post-conviction or other collateral review of (3) the pertinent judgment. 28 U.S.C. § 2244(d)(2). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These rules and laws "usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.* (footnote omitted) (citations omitted).

Although Reed filed a post-judgment motion and a state habeas petition, both were filed in 2021, well after the expiration of the federal limitation period on April 9, 2019. Therefore, no period to toll existed, and Reed lacks entitlement to any statutory tolling. *Deville v. Johnson*, No. 1:09cv72(CMH/TRJ), 2010 WL 148148, at *2 (E.D.Va. Jan. 12, 2010) (citing *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)). Reed's § 2254 Petition is barred by the statute of limitation unless he demonstrates that he is entitled to a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(B)–(D) or an equitable exception to the limitation period.

### C. Reed's Arguments For Timeliness

#### 1. Equitable Tolling

Reed first contends "that equitable tolling is appropriate under the particular and extraordinary circumstances comprising this case and [un]controllable complications attributed to the COVID–19 pandemic." (ECF No. 1–1, at 1; *see id.* at 6.) Petitions pursuant to 28 U.S.C. § 2254 are subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645–46 (2010). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace*, 544 U.S. at 418). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

To be timely, Reed was required to file his § 2254 Petition no later than April 9, 2019, more than a year prior to the beginning of the COVID–19 pandemic. The pandemic, therefore, did not prevent him from timely filing his § 2254 Petition. Reed is not entitled to any equitable tolling on this ground.

### 2. Belated Commencement

Next, Reed vaguely suggests that he "didn't fully ascertain the factual predicate comprising my claims until 6–1–21, and my state action was filed on 8–5–21." (ECF No. 1–1, at 6.)

Under 28 U.S.C. § 2244(d)(1)(D), a petitioner may be entitled to a belated commencement of the limitation period to "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Whether a petitioner has exercised due diligence to warrant a belated commencement period pursuant to 28 U.S.C. § 2244(d)(1)(D) is a fact-specific inquiry unique to each case. *See Wims v. United States*, 225 F.3d 186, 190–91 (2d Cir. 2000). "[T]he petitioner bears the burden of proving that he [or she] exercised due diligence, in order for the statute of limitations to begin running from the date he [or she] discovered the factual predicate of his [or her] claim . . . ." *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006). Due diligence "at least require[s] that a prisoner make *reasonable* efforts to discover the facts supporting his claims." *Anjulo-Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008) (quoting *Aron v. United States*,

5

291 F.3d 708, 712 (11th Cir. 2002)). A habeas applicant who "merely alleges that [he or she] did not actually know the facts underlying his or her claim does not" thereby demonstrate due diligence. *In re Boshears*, 110 F. 3d 1538, 1540 (11th Cir. 1997). Rather, to obtain a belated commencement of the limitation period, the applicant must explain why a reasonable investigation would not have unearthed the facts prior to the date under which the limitation period commenced under 28 U.S.C. § 2244(d)(1)(A). *See id.* at 1540–41. Furthermore, in evaluating a petitioner's diligence, the Court is mindful that the "statute's clear policy calls for promptness." *Johnson v. United States*, 544 U.S. 295, 311 (2005).

Reed suggests that he "didn't fully ascertain the factual predicate comprising my claims until 6–1–21." (ECF No. 1–1, at 6.) In his section providing relevant facts for his claim, Reed contends that

> subsequent to that conviction, I diligently attempted to obtain my case file materials, yet, my attorney repeatedly refused to respond to my inquiries. On 3–20–20, Governor Northam declared a state of emergency and suspended all judicial proceedings. The correctional institutions also suspended all programs, including the law library services. On 6–1–21, after contacting the U.B.A., I received those case file materials and the information contained therein comprised the factual predicate upon which my claims are comprised upon and I filed a state writ of habeas corpus on 8–5–1.

(*Id.* at 4.) As discussed below, Reed fails to demonstrate that he made reasonable efforts to learn the facts underlying his claim prior to June 1, 2021.

First, Reed provides no further detail about what factual aspect of his claims he only learned about in June of 2021. Because Reed "merely alleges that he did not actually know the facts underlying his . . . claim," he fails to demonstrate that he acted with due diligence. *In re Boshears*, 110 F. 3d at 1540. Without specific details about what exactly the factual predicate was for his claims that he only learned of upon receipt of his case file in June 2021, Reed cannot show entitlement to a belated commencement.

6

Although Reed fails to specify what facts he discovered, the Court assumes based on his claims that Reed believes that the criminal case suggested in some way that counsel did not conduct sufficient pre-trial investigation. Under § 2244(d)(1)(D), the limitation begins to run when the petitioner knows, or through due diligence could have discovered, the factual predicate for his claim, not when he recognizes its legal significance. *See Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000). The factual circumstances of counsel's actions that undergird Reed's claims, the purported lack of pre-trial investigation, were either known to Reed or readily available to Reed before he entered his guilty plea.[5] *See id.* at 359–60 (holding that facts behind petitioner's claim that trial counsel was ineffective for making a "doomed coercion defense" was known at the time of trial); *see also Rivas v. Fischer*, 687 F.3d 514, 535 (2d Cir. 2012) ("Conclusions drawn from preexisting facts, even if the conclusions are themselves new, are not factual predicates for a claim."); *Earl v. Fabian*, 556 F.3d 717, 725–26 (8th Cir. 2009) (rejecting argument that statute of limitations did not commence until petitioner received his case file because the vital facts underlying his claim were known to him long before); *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998) (noting the commencement period for the habeas statute of limitation is not delayed "while a habeas petitioner gathers every possible scrap of evidence that might . . . support his claim"). Thus, Reed has not demonstrated a proper basis for a belated commencement of the limitation period.

---

[5] In support of his claims, Reed contends that he "was arrested and charged with possessing everything in that vehicle, despite [his] adamant assertions that they were not mine and that I had no knowledge of their presence in the vehicle." (ECF No. 1–1, at 4.) Reed argues that counsel "conducted no pre-trial investigation, fail[ed] to develop any available defenses, provided me with no discovery materials and instead concentrated his efforts on procuring a plea agreement and persuading me to accept that plea." (*Id.*) All of these alleged errors of counsel occurred before Reed entered his guilty plea. Simply put, Reed fails to explain why he would not have known about these factual predicates for his claims prior to the entry of his guilty plea.

Second, even if the Court were to assume that Reed only learned of the facts underlying his claims in June of 2021, he nevertheless fails to demonstrate that he acted with the requisite diligence. Reed fails to demonstrate that he made reasonable efforts to discover the facts underlying his claim between when his conviction became final in April of 2018 and June of 2021. Although Reed indicates that he attempted to obtain his case file at some time after his conviction became final and prior to March of 2020, he fails to outline the efforts that he made to obtain it, and why he could not have, through the exercise of diligence, obtained the file prior to the expiration of the limitation period in April of 2019. Simply stating that he "diligently attempted to obtain my case file materials, yet, my attorney repeatedly refused to respond to my inquiries" (ECF No. 1–1, at 6), is not sufficient to explain away why he could not discover the factual predicate for his claim for nearly three years. Moreover, Reed fails to offer any explanation for why he did not contact "the U.B.A.," or what is presumably the Virginia State Bar, prior to June 1, 2021. *Cf. Anjulo-Lopez*, 541 F.3d at 818–19 (finding petitioner lacked due diligence in pursuing an appeal where he waited an entire year to contact his attorney regarding appeal).

Finally, Reed fails to explain how the COVID–19 pandemic had any impact on his ability to ascertain the factual basis for his claims. Reed had nearly two years before the COVID–19 pandemic began to obtain his case file from counsel. As explained above, Reed could have discovered the factual predicate for his claims long before the pandemic began. Even after March 2020, Reed did not need the law library to write a letter to his attorney, to the Circuit Court, or to the state bar. In fact, the record establishes that Reed wrote to the Circuit Court on August 25, 2020, and the Circuit Court mailed him a response to his letter and the case filings he requested on August 27, 2020. Cir Ct. Rec. 85. Reed also wrote to the Circuit Court in

September 2020 to request documents. Cir. Ct. Rec. 110. Once again, Reed offers no explanation about why he could not obtain his case file prior to June 1, 2021. Therefore, Reed fails to demonstrate that he acted with diligence in discovering the factual predicate of his claims. *See In re Boshears*, 110 F. 3d at 1540. Thus, Reed lacks entitlement to the benefit of a belated commencement of the limitations period.

In sum, Reed's § 2254 Petition is untimely and is barred by the statute of limitations.[6]

---

[6] Even if Reed's § 2254 Petition were not barred by the statute of limitations, his claims would be procedurally defaulted and barred from review here. The procedural default doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). The Supreme Court of Virginia dismissed Reed's habeas petition as untimely filed under section 8.01–654(A)(2) of the Virginia Code. Virginia's statute of limitations for habeas actions is an adequate and independent procedural rule when so applied. *See Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587 (E.D. Va. 2006). Accordingly, Reed's claims are also defaulted and barred from review here because Reed makes no showing of cause for his default and prejudice or that a fundamental miscarriage of justice has occurred. *See Harris v. Reed*, 489 U.S. 255, 2626 (1989).

### III. Conclusion

Respondent's Motion to Dismiss (ECF No. 6) will be GRANTED. Reed's § 2254 Petition will be DENIED as barred by the statute of limitations. The action will be DISMISSED.

A certificate of appealability will be DENIED.[7]

An appropriate Order will accompany this Memorandum Opinion.

It is SO ORDERED.

/s/ MHL
M. Hannah Lauck
United States District Judge

Date: 8-15-2022
Richmond, Virginia

---

[7] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893–94 (1983)). Reed fails to meet this standard.